IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARQUIS ROBINSON,

       **Plaintiff,**

v.

ALAN VAREL, JOHNATHAN KEELER,
IDOC, JOHN DOE #1, and JOHN DOE
#2,

       **Defendants.**

Case No. 26-cv-496-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Marquis Robinson, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

The case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On August 1, 2025, Correctional Officer Alan Varel and Correctional Officer Johnathan Keeler were transporting Robinson to Chicago on a medical furlough (Doc. 1,

1

p. 4). Robinson alleges that Varel was driving erratically by frequently switching lanes, brake checking, texting while driving, and taking pictures of downtown Chicago while driving (*Id.*). On the return trip to Centralia, the officers made an unauthorized stop at a White Castle in Matteson, Illinois (*Id.*). Robinson noted that his handcuffs were not double-locked. He informed the officers, who stopped and double locked the cuffs, telling Robinson not to let anyone know of the mistake (*Id.*). Leaving the restaurant, Officer Varel attempted to make an illegal U-turn from the outside lane across traffic, resulting in their vehicle being struck by another car (*Id.*). Robinson was not wearing a seatbelt (and was unable to secure his seatbelt on his own given his restraints), and he was knocked out of his seat and lost consciousness (*Id.*).

Robinson was taken to the local emergency room but alleges that he still suffers from neck and back pain, as well as migraines, anxiety, and depression (Doc. 1, pp. 4, 6). Robinson alleges that Dr. Whealon failed to adequately treat his condition (*Id.* at p. 6). Robinson has not received an adequate examination, nor has he been sent for outside medical care. His chronic pain is not well managed nor has he received proper therapy (*Id.*).

### Preliminary Dismissals

Robinson identifies IDOC and two John Does in his case caption but fails to include any allegations against the parties in his statement of claim. Further, IDOC is not a "person" amendable to suit under Section 1983 and is immune from suit based on the state's sovereign immunity. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012); *Will v. Mich. Dep't of State Police*, 491 U.S.

2

58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"). Thus, IDOC is **DISMISSED with prejudice**; John Doe #1, and John Doe #2 are **DISMISSED without prejudice**.

In his statement of claim, Robinson refers to Dr. Whealon, whom he alleges failed to provide him with adequate care for his injuries. But Robinson fails to identify Dr. Whealon as a defendant in the case caption. In order to be considered a defendant, an individual must be named in the case caption. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005). Because Robinson fails to identify Dr. Whealon as a defendant, any potential claim against him is **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Alan Varel and Johnathan Keeler for driving erratically and failing to restrain Robinson during transport.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Although, standing alone, the failure to provide a seatbelt to a prisoner during transport does not violate the constitution, *see Dale v. Agresta*, 771 F. App'x 659, 661 (7th Cir. 2019) (noting that "without reckless driving or other exacerbating circumstances" the failure to seatbelt an inmate does not create a "substantial risk of serious harm"), Robinson has alleged much more than the simple lack of a seatbelt. He alleges that officers were driving erratically throughout his transport, ultimately making an illegal turn across traffic resulting in a collision. Such actions, accompanied by the lack of adequate restraints, could violate the Eighth Amendment. *Brown v. Fortner*, 518 F.3d 552, 559-60 (8th Cir. 2008). Thus, at this stage, Robinson states a viable claim against Officers Varel and Keeler.

### Motion for Counsel

In addition to his Complaint, Robinson also filed a motion for counsel (Doc. 4). Robinson indicates that he has contacted numerous law firms who have declined to take his case (*Id.*). He notes that he has some high school education but fails to indicate why he believes counsel is necessary in this case. And given the early stage of the litigation process, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, there is nothing currently pending that would require counsel. Once Defendants

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

4

have been served and file answers, the Court will enter a scheduling order setting forth the next steps in the litigation process. If Robinson experiences difficulties in litigating the case at that point, he may submit another request for counsel. At this time, his motion is **DENIED without prejudice**.

### Disposition

For the reasons stated above, Count 1 shall proceed against Alan Varel and Johnathan Keeler. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Alan Varel and Johnathan Keeler: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Robinson. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Robinson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

5

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Robinson's claim involves his physical injuries, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Robinson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Robinson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 12, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**

6

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**